Donald P. Borchers
250 Jacaranda Drive, #801
Plantation, FL 33324
Telephone: 310.490.1056
Email: DPBorchers@gmail.com

18-CV- 61537

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF FLORIDA

DONALD P. BORCHERS

    Plaintiff,

    *v.*

AMAZON.COM, INC., a Delaware
corporation; DOES 1-10; AMOEBA
MUSIC INC., a California corporation;
DOES 11-20; APPLE INC., a
California corporation; DOES 21-30;
BARNES & NOBLE, INC., a
Delaware corporation; DOES 31-40;
BEST BUY CO., INC., a Minnesota
corporation; DOES 41-50;
DEEPDISCOUNT.COM and
DIRECTTOU, LLC, both Illinois
corporations; DOES 52-60; EBAY,
INC.; DOES 61-70; F.Y.E., and Trans
World Entertainment, both New York
Corporations; DOES 72-80; LIONS
GATE ENTERTAINMENT
CORPORATION, LIONS GATE
FILMS INC., and ANCHOR BAY
ENTERTAINMENT, LLC, all
Delaware corporations; DOES 82-90;
NETFLIX, INC., a Delaware
corporation; DOES 91-100; REDBOX
AUTOMATED RETAIL, LLC, a
Delaware corporation; DOES 101-110;
TARGET CORPORATION a
Minnesota corporation; DOES
111-120; WALMART, INC., a
Delaware corporation; DOES 121-130;
YouTube, LLC and GOOGLE LLC.,
both Delaware corporations; DOES
132-140; Lantern Entertainment, LLC
a Delaware Corporation and DOE
Defendants 142-200, inclusive,

Defendants.



FILED BY _____ D.C.

DEC 19 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**THIRD AMENDED
COMPLAINT FOR
COPYRIGHT
INFRINGEMENT
AND
REQUEST FOR JURY
TRIAL**

Related Dockets No.: 174

Complaint Filed: July 6, 2018

# I. THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT and REQUEST FOR JURY TRIAL

I, Donald P. Borchers, Plaintiff, bring this Complaint in the Southern District Court of Florida against Defendants in *pro se* and allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of Plaintiff's rights with respect to the copyright entitled "Children of the Corn," based upon the short story written by Stephen King, U.S. Copyright Reg. B204066 (1982), renewed RE000921889 hereinafter the "Short Story" by copying and distributing "Children of the Corn: Runaway," the "MOVIE" that has been and is being unlawfully distributed by Defendants. Plaintiff now seeks redress for this infringement of his exclusive rights.

2. In 2016 and 2017, Plaintiff acquired certain motion picture, allied and ancillary rights with respect to the Short Story. Plaintiff is, and was at all material times with respect to this matter, the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States with respect to the Short Story.

3. On April 30, 2018 Plaintiff spoke to FBI Special Agent Chris Siliciano and requested criminal charges be brought for infringement of Plaintiff's copyrights.  Discussed in that telephone call were 17 USC §§ 103 and 506 and Defendants facing criminal liability. Plaintiff followed this call up with an email to the FBI.[1]

4. On May 9, FBI Special Agent Chris Siliciano responded with an email advising Plaintiff, "I would recommend proceeding with your strong civil case." [2]

---

[1] Exhibit 1 - Email chain, including email dated April 30, 2018.

[2] Exhibit 1 - Email dated May 9, 2018 and previous email chain.

Accordingly, and by this action, Plaintiff seeks compensatory, statutory and punitive damages for copyright infringements by the Defendants.

## THE PARTIES

5. Plaintiff is a citizen and resident of the State of Florida. Plaintiff is a motion picture developer and producer in the entertainment industry. Plaintiff produced "Stephen King's Children of the Corn" (1984), hereinafter the "Original Picture".  Plaintiff co-wrote, produced and directed the remake "Children of the Corn" (2009), hereinafter the "Remake". Plaintiff is a legal and/or beneficial owner of a copyright interest in the motion picture, allied and ancillary rights with respect to the Short Story and intends to produce further films based on his rights.

6. On information and belief, Defendant AMAZON.COM, INC. is incorporated under the laws in the State of Delaware with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210. AMAZON.COM, INC. does business throughout the United States, including in this judicial district at 2000 N Federal Hwy, Fort Lauderdale, FL 33305; 1903 S. University Drive, Town and Country Shoppes Plaza, Davie, FL 33324; 14956 Pines Blvd., Pembroke Pines, FL 33027; 810 University Drive, Coral Springs, FL 33071; and directly to the consumer, in home, online, at www.Amazon.com.[3] AMAZON.COM, INC. is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

7. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 1 through 10 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 1-10 refer to Defendant AMAZON.COM, INC. possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and

---

[3] Exhibit 2 - Online ad for the MOVIE at www.Amazon.com.

assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 1-10 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 1-10 when, and if, they have been ascertained. On information and belief, Defendant AMAZON.COM, INC. and DOES 1-10, collectively named, "Amazon" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant AMAZON.COM, INC. and DOES 1-10 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant AMAZON.COM, INC. and DOES 1-10 are subject to both specific and general personal jurisdiction.

8. On information and belief, Defendant AMOEBA MUSIC, INC., is incorporated under the laws in the State of California with its principal place of business at 2455 Telegraph Ave., Berkeley, CA 94704. AMOEBA MUSIC, INC. does business throughout the United States, including in this judicial district, directly to the consumer, in home, online, at www.amoeba.com.[4] AMOEBA MUSIC, INC. is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

9. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 11 through 20 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 11-20 refer to Defendant AMOEBA MUSIC, INC. possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and

---

[4] Exhibit 3 - Online ad for the MOVIE at www.amoeba.com.

assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 11-20 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 11-20 when, and if, they have been ascertained. On information and belief, Defendant AMOEBA MUSIC, INC. and DOES 11-20, collectively named, "Amoeba" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant AMOEBA MUSIC, INC. and DOES 11-20 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant AMOEBA MUSIC, INC. and DOES 11-20 are subject to both specific and general personal jurisdiction.

10. On information and belief, Defendant APPLE, INC. is incorporated under the laws in the State of California with its principal place of business at One Apple Park Way, Cupertino, CA 95014. APPLE, INC. does business throughout the United States, including in this judicial district at The Galleria, 2388 E Sunrise Blvd, Fort Lauderdale, FL 33304; Aventura Mall, 19501 Biscayne Blvd, Aventura, FL 33180; Town Center, 6000 Glades Rd, Boca Raton, FL 33431; and directly to the consumer, in home, online, through their iTunes APP.[5] APPLE, INC. is engaged in the business of, among other things, advertising, marketing and renting and selling motion pictures and exploiting allied and ancillary rights thereto.

11. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 21 through 30 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 21-30 refer to Defendant APPLE, INC. possibly conducting business with

---

[5] Exhibit 4 - In APP ad for the MOVIE on iTunes.

respect to this matter through its parent, subsidiaries, holding companies, or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 21-30 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 21-30 when, and if, they have been ascertained. On information and belief, Defendant APPLE, INC. and DOES 21-30, collectively named, "iTunes" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. iTunes markets, sells, and supports the accused infringing product throughout the United States and in Florida by means of the Apple iTunes™ App Store™. On further information and belief, each of Defendant APPLE, INC. and DOES 21-30 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendants APPLE, INC. and DOES 21-30 are subject to both specific and general personal jurisdiction.

12. On information and belief, Defendant BARNES & NOBLE, INC. is incorporated under the laws in the State of Delaware with its principal place of business at 122 Fifth Avenue, New York, NY 10011. BARNES & NOBLE, INC. does business throughout the United States, including in this judicial district at 2051 N. Federal Hwy., Fort Lauderdale, FL 33305; 591 S. University Dr, Plantation, FL 33324; 2790 N University Dr, Coral Springs, FL 33065; 14572 SW 5th St, Pembroke Pines, FL 33027; 1400 Glades Rd, Boca Raton, FL 33431; and directly to the consumer, in home, online, at www.barnesandnoble.com.[6] BARNES & NOBLE, INC. is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

---

[6] Exhibit 5 - Online ad for the MOVIE at www.barnesandnoble.com.

13. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 31 through 40 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 31-40 refer to Defendant BARNES & NOBLE, INC. possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 31-40 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 31-40 when, and if, they have been ascertained. On information and belief, Defendant BARNES & NOBLE, INC. and DOES 31-40, collectively named, "B&N" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant BARNES & NOBLE, INC. and DOES 31-40 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant BARNES & NOBLE, INC. and DOES 31-40 are subject to both specific and general personal jurisdiction.

14. On information and belief, Defendant BEST BUY CO., INC. is incorporated under the laws in the State of Minnesota with its principal place of business at 7601 Penn Ave. S., Richfield, MN 55423. BEST BUY CO., INC. does business throughout the United States, including in this judicial district at 1901 N Federal Hwy, Fort Lauderdale, FL 33305; 12301 W Sunrise Blvd, Plantation, FL 33323; 2200 S. University Dr, Davie, FL 33324; 650 N. University Dr., Coral Springs, FL 33071; and directly to the consumer, in home, online, at www.bestbuy.com.[7] BEST BUY CO., INC. is engaged in the business of, among

---

[7] Exhibit 6 - Online ad for the MOVIE at www.bestbuy.com.

other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

15. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 41 through 50 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 41-50 refer to Defendant BEST BUY CO., INC. possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 41-50 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 41-50 when, and if, they have been ascertained. On information and belief, Defendant BEST BUY CO., INC. and DOES 41-50, collectively named, "Best Buy" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant BEST BUY CO., INC. and DOES 41-50 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant BEST BUY CO., INC. and DOES 41-50 are subject to both specific and general personal jurisdiction.

16. On information and belief, Defendants DEEPDISCOUNT.COM and DIRECTTOU, LLC are incorporated under the laws in the State of Illinois with their principal place of business at 740 Hilltop Drive, Itasca, IL 60143. DEEPDISCOUNT.COM and DIRECTTOU, LLC ("DD") do business throughout the United States, including in this judicial district, directly to the consumer, in home, online, at www.deepdiscount.com.[8] (DD are both subsidiary companies of

---

[8] Exhibit 7 - Online ad for the MOVIE at www.deepdiscount.com.

Alliance Entertainment, **a Florida-based distributer of movies,** music, CE accessories and promotional items. Alliance also provides third-party e-commerce fulfilment- and payment- processing services, and it operates the music distributor Amped.) DD are engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

17. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 52 through 60 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 52-60 refer to DD possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 52-60 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 52-60 when, and if, they have been ascertained. On information and belief, Defendants DD and DOES 52-60, collectively named, "Alliance" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of DD and DOES 52-60 authorized and/or ratified the acts of each other Defendant. On information and belief, DD and DOES 52-60 are subject to both specific and general personal jurisdiction.

18. On information and belief, Defendant EBAY, INC. is incorporated under the laws in the State of Delaware with its principal place of business at 2025 Hamilton Avenue, San Jose, CA 95125. EBAY, INC. does business throughout the United States, including in this judicial district, directly to the

consumer, in home, online, at www.ebay.com.[9] EBAY, INC. is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

19. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 61 through 70 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 61-70 refer to Defendant EBAY, INC. possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 61-70 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 61-70 when, and if, they have been ascertained. On information and belief, Defendant EBAY, INC. and DOES 61-70, collectively named, "eBay" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant EBAY, INC. and DOES 61-70 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant EBAY, INC. and DOES 61-70 are subject to both specific and general personal jurisdiction.

20. On information and belief, Defendant F.Y.E. and Trans World Entertainment Holding Corp. are incorporated under the laws in the State of New York with their principal place of business at 38 Corporate Circle, Albany, NY 12203. F.Y.E. and Trans World Entertainment Holding Corp. ("F&T") do business throughout the United States, including in this judicial district at 9009 W Atlantic Blvd, Coral Springs, FL 33071; 801 Congress Ave Ste. 943, Boynton Beach, FL

---

[9] Exhibit 8 - Online ad for the MOVIE at www.ebay.com.

33426; 3090 NW Federal Hwy, Jensen Beach, FL 34957; 10300 W Hillcrest Dr #106, Wellington, FL 33414; and directly to the consumer, in home, online, at www.fye.com.[10] F&T are engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

21. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 72 through 80 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 72-80 refer to Defendants F&T possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 72-80 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 72-80 when, and if, they have been ascertained. On information and belief, Defendants F&T and DOES 71-80, collectively named, "TWEH" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant F.Y.E. and DOES 71-80 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant F.Y.E. and DOES 71-80 are subject to both specific and general personal jurisdiction.

22. On information and belief, Defendant LIONS GATE ENTERTAINMENT CORPORATION. ("LGC") is incorporated under the laws in the State of Delaware with its principal place of business at 2700 Colorado Ave., Suite 200 Santa Monica, CA 90404. LGC does business throughout the

---

[10] Exhibit 9 - Online ad for the MOVIE at www.fye.com.

United States, including in this judicial district, directly to the consumer, in home, online, at www.lionsgateshop.com.[11] LGC is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution.

23. On information and belief, Defendant LIONS GATE FILMS INC. ("LGF") is incorporated under the laws in the State of Delaware with its principal place of business at 2700 Colorado Ave., Suite 200 Santa Monica, CA 90404. And Defendant ANCHOR BAY ENTERTAINMENT, LLC ("ABE") is incorporated under the laws in the State of Delaware with its principal place of business at 9242 Beverly Blvd., Suite 200, Beverly Hills CA 90210. LGF and ABE do business throughout the United States, including in this judicial district, directly to the consumer, in home, online, at www.lionsgateshop.com.[12] LGF and ABE are engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution.

24. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 82 through 90 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 82-90 refer to Defendants LGC and LGF possibly conducting business with respect to this matter through their parent, subsidiaries, holding companies, or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 82-90 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 82-90 when, and if, they have been ascertained. On information and belief, Defendants LGC, LGF, ABE and DOES 82-90 collectively named, "Lionsgate"

---

[11] Exhibit 10 - Online ad for the MOVIE at www.lionsgateshop.com.

[12] Exhibit 10 - Online ad for the MOVIE at www.lionsgateshop.com.

are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendants LGC, LGF, ABE and DOES 82-90 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendants LGC, LGF, ABE and DOES 82-90 are subject to both specific and general personal jurisdiction.

25. On information and belief, Defendant NETFLIX, INC. is incorporated under the laws in the State of Delaware with its principal place of business at 100 Winchester Circle, Los Gatos, CA 95032. NETFLIX, INC. does business throughout the United States, including in this judicial district, directly to the consumer, in home, online, at www.netflix.com.[13] NETFLIX, INC. is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

26. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 91 through 100 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 91-100 refer to Defendant NETFLIX, INC. possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 91-100 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 91-100 when, and if, they have been ascertained. On information and belief, Defendant NETFLIX, INC. and DOES 91-100, collectively named, "Netflix" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full

---

[13] Exhibit 11 - Online ad for the MOVIE at www.netflix.com.

authority of each other. On further information and belief, each of Defendant NETFLIX, INC. and DOES 91-100 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant NETFLIX, INC. and DOES 91-100 are subject to both specific and general personal jurisdiction.

27. On information and belief, Defendant REDBOX AUTOMATED RETAIL, LLC is incorporated under the laws in the State of Delaware with its principal place of business at 1 Tower Lane, Suite 900, Oakbrook Terrace, IL 60181. REDBOX AUTOMATED RETAIL, LLC does business throughout the United States, including in this judicial district at 1181 S University Dr, Plantation, FL 33324; 5855 W Oakland Park Blvd, Lauderhill, FL 33313; 294 Indian Trace, Weston, FL 33326; 1170 Weston Rd #1, Weston, FL 33326; 2201 N University Dr, Coral Springs, FL 33071; 2511 E Atlantic Blvd, Pompano Beach, FL 33062; 1700 Sheridan St, Hollywood, FL 33020; and directly to the consumer, in home, online, at www.redbox.com.[14] REDBOX AUTOMATED RETAIL, LLC is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

28. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 101 through 110 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 101-110 refer to Defendant REDBOX AUTOMATED RETAIL, LLC possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 101-110 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 101-110 when, and if, they have been

---

[14] Exhibit 12 - Online ad for the MOVIE at www.redbox.com.

ascertained. On information and belief, Defendant REDBOX AUTOMATED RETAIL, LLC and DOES 101-110, collectively named, "Redbox" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant REDBOX AUTOMATED RETAIL, LLC and DOES 101-110 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant REDBOX AUTOMATED RETAIL, LLC and DOES 101-110 are subject to both specific and general personal jurisdiction.

29. On information and belief, Defendant TARGET CORPORATION is incorporated under the laws in the State of Minnesota with its principal place of business at 1000 Nicollett Mall Minneapolis MN 55403. TARGET CORPORATION does business throughout the United States, including in this judicial district at 3200 N Federal Hwy., Fort Lauderdale, FL 33306; 8201 SW 3rd St, Plantation, FL 33324; 12801 W Sunrise Blvd, Sunrise, FL 33323; 5800 S University Dr, Davie, FL 33328; 4400 SR 7, Coral Springs, FL 33073; 3251 Hollywood Blvd Ste. 300, Hollywood, FL 33021; 9600 Westview Dr, Coral Springs, FL 33076; 11253 Pines Blvd, Pembroke Pines, FL 33026; 21637 SR 7, Boca Raton, FL 33428; and directly to the consumer, in home, online, at www.target.com.[15] TARGET CORPORATION is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

30. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 111 through 120 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 111-120 refer to Defendant TARGET CORPORATION possibly conducting business with respect to this matter through parent, subsidiaries,

---

[15] Exhibit 13 - Online ad for the MOVIE at www.target.com.

THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT - 14

holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 111-120 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 111-120 when, and if, they have been ascertained. On information and belief, Defendant TARGET CORPORATION and DOES 111-120, collectively named, "Target" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant TARGET CORPORATION and DOES 111-120 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant TARGET CORPORATION and DOES 111-120 are subject to both specific and general personal jurisdiction.

31. On information and belief, Defendant WALMART, INC. is incorporated under the laws in the State of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, AR 72716. WALMART, INC. does business throughout the United States, including in this judicial district at 2500 W. Broward Blvd, Fort Lauderdale, FL 33312; 3306 N University Dr, Sunrise, FL 33351; 12555 W Sunrise Blvd, Sunrise, FL 33323; 12555 W Sunrise Blvd, Sunrise, FL 33323; 3001 N State Rd #7, Lauderdale Lakes, FL 33313; 4301 S University Dr, Davie, FL 33328; 301 South State Road 7, Hollywood, FL 33023; 12800 Pines Blvd, Pembroke Pines, FL 33027; and directly to the consumer, in home, online, at www.walmart.com.[16] WALMART, INC. is engaged in the business of, among other things, advertising, marketing and selling motion pictures and exploiting allied and ancillary rights thereto.

---

[16] Exhibit 14 - Online ad for the MOVIE at www.walmart.com.

32. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 121 through 130 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 121-130 refer to Defendant WALMART, INC. possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 121-130 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 121-130 when, and if, they have been ascertained. On information and belief, Defendant WALMART, INC. and DOES 121-130, collectively named, "Walmart" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendant WALMART, INC. and DOES 121-130 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendant WALMART, INC. and DOES 121-130 are subject to both specific and general personal jurisdiction.

33. On information and belief, Defendant YOUTUBE, LLC and GOOGLE, LLC are incorporated under the laws in the State of Delaware with YouTube, LLC's principal place of business at 901 Cherry Ave., San Bruno, CA 94066 and Google, LLC's principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043. YouTube, LLC does business throughout the United States, including in this judicial district, directly to the consumer, in home, online, at www.youtube.com.[17] YouTube, LLC and Google, LLC (Y&G") are engaged in the business of, among other things, advertising, marketing and selling motion

---

[17] Exhibit 15 - Online ad for the MOVIE at www.youtube.com.

pictures and exploiting allied and ancillary rights thereto.

34. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 132 through 140 and therefore sues these defendants by their fictitious names. However, on information and belief, Plaintiff believes that DOES 132-140 refer to Defendants Y&G possibly conducting business with respect to this matter through parent, subsidiaries, holding companies or affiliated companies, including predecessors, heirs, licensees and assigns, and so called "labels". Plaintiff is informed and believes and on that basis avers that the DOE Defendants 132-140 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 132-140 when, and if, they have been ascertained. On information and belief, Defendants Y&G and DOES 132-140, collectively named, "Google" are the agent, principal, employer, employee, partner, joint-venturer, managing member, officer or director of each other and in such capacity, were, at all times, acting with full authority of each other. On further information and belief, each of Defendants Y&G and DOES 132-140 authorized and/or ratified the acts of each other Defendant. On information and belief, Defendants Y&G and DOES 132-140 are subject to both specific and general personal jurisdiction.

35. On information and belief, Defendant LANTERN ENTERTAINMENT, LLC ("Lantern") is incorporated under the laws in the State of Delaware with its principal place of business at 300 Crescent Court, Suite 1100, Dallas, TX 75201. On July 16, 2018, the Dallas-based equity firm Lantern Capital Partners bought the assets of The Weinstein Company for $289 million. Lantern Entertainment was formed and assumed the rights to TWC's 277-film library (*See* https://en.wikipedia.org/wiki/Lantern_Entertainment).

36. Plaintiff is ignorant of the true names and capacities of those defendants named herein as DOES 142 through 200 and therefore sues these defendants by

their fictitious names. Plaintiff is informed and believes and on that basis avers that the DOE Defendants 142-200 are liable to Plaintiff as a result of their participation in all or some of the acts hereinafter set forth. Plaintiff will seek leave to amend this Complaint to assert the true names and capacities of said DOE Defendants 142-200 when, and if, they have been ascertained. On information and belief, DOES 142-200 are subject to both specific and general personal jurisdiction.

37. Amazon, Amoeba, iTunes, B&N, Best Buy, Alliance, eBay, TWEH, Lionsgate, Netflix, Redbox, Target, Walmart, YouTube, Lantern and the DOE Defendants 142-200 are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

38. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101, *et seq.,* the "Copyright Act"). Section 501 defines copyright infringement, in subsection (a), and provides a civil cause of action for the legal or beneficial owner of copyright to bring against infringement.

39. This Court has original and exclusive subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright infringement).

40. On information and belief, each Defendant, without consent or permission of Plaintiff as the copyright owner of the underlying rights to the MOVIE, has committed copyright infringement by acquiring, copying, and participating in the distribution of the MOVIE to others, and the acts of infringement complained of herein have occurred, amongst other places, within this Southern District of Florida. Accordingly, both jurisdiction and Venue in this district is proper in this court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims involved in this action occurred

in this judicial district; and under 28 U.S.C. § 1400(b) in that this is a judicial district where Defendants have committed acts of copyright infringement, do business, may be found, and are subject to personal jurisdiction here.

41. The United States District Court for the Southern District of Florida has personal jurisdiction over Plaintiff because Plaintiff lives in Plantation, Florida, and Defendants have caused injury to Plaintiff and his intellectual property, amongst other places, within the State of Florida and in this judicial district.

42. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and in the alternative, a substantial part of the property that is the subject of this action is situated here.

43. To the extent a Defendant is a non-resident of this District, this Court has personal jurisdiction over that Defendant pursuant to Florida Statutes §§ 48.193(1)(b), 48.193(1)(f)(1) and 48.193(2), Florida's Long Arm Statute, as Defendants have committed a tortious act within the State of Florida which has caused injury to Plaintiff within the State or, in the alternative, Defendants have caused injury to persons or property within this State arising out of an act or omission by the Defendants outside this State, or, in the alternative, Defendants have engaged in substantial and not isolated activity in the State of Florida. Moreover, Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this District and the State of Florida concerning the MOVIE at issue.

44. This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. § 1367 action asserting a state claim of unfair competition joined with a substantial and related federal claim under copyright laws.

## **GENERAL AVERMENTS**

45. On November 28, 1989, New World granted to a company known as Oceana Distributors L.P. ("Oceana") all of New World's right, title, and interest in and to New World's film library ("the Library"), which included the Original Picture, but New World retained U.S. TV distribution rights to the Library and TV remake & sequel rights.[18] In 1997 Fox TV merged with New World, thus making Fox TV the successor to the TV rights held by New World.

46. Oceana became Trans Atlantic Distributors, L.P. ("Trans Atlantic")  and by a series of transactions that concluded in 1991, Fifth Avenue Entertainment ("Fifth Avenue") became the assignee of Oceana/Trans Atlantic's rights with respect to the Original Picture, but not the entire Library; namely, the motion picture, allied and ancillary rights, including, but not limited to, the rights to produce remakes, sequels, spin-offs, merchandising, and the like with respect to the "Children of the Corn" franchise.[19]

47. In 1994, Park Avenue Entertainment ("Park Avenue") acquired all of Fifth Avenue's rights with respect to CotC.[20]

48. In November 2016, Graphic Novel Enterprises ("Graphic Novel") purchased all of Park Avenue's right, title, and interest with respect to CotC.[21]

49. On July 27, 2017, Borchers acquired all of the rights that Graphic Novel obtained from Park Avenue with respect to CotC.[22]

50. Plaintiff's CotC rights are the subject of a valid Registration with the Copyright Office.[23]

---

[18] Exhibit 16 - 1989 New World/Oceana assignment of rights.

[19] Exhibit 17 - Copyright report

[20] Exhibit 18 - Fifth Avenue Assignment

[21] Exhibit 19 - Park Avenue Agreement

[22] Exhibit 20 - Graphic Noel Agreement

[23] Exhibit 21 - Copyright registration

## DEFENDANTS' INFRINGING ACTIVITIES

51. To establish a claim for Direct Copyright Infringement, Plaintiff alleges:

A. Ownership of a valid copyright. Plaintiff owns the exclusive rights to make movies based on the Short Story. The underlying copyrights upon which the MOVIE is based have significant value. Plaintiff has spent no small amount of time and incurred huge legal fees and costs in both acquiring and clearing his rights;

B. The MOVIE is based on the Short Story, *vis a vis* based on the Original Picture. Defendants are committing copyright infringement by acquiring, copying, and participating in the distribution of the MOVIE, and its constituent elements, to others; and

C. Plaintiff owns the exclusive rights to characters, and to make future movies with characters exclusive to the Short Story that do not appear in the Original Picture.

52. Plaintiff has not granted consent to the use, nor granted a lawful license specifically granting the express authority to the use of, Plaintiff's copyrights in the CotC copyrights or other rights in any manner, under federal or state law specifically including without limitation for the production, reproduction, distribution, copying and republishing of the MOVIE, which is based on Plaintiff's copyrighted material.

53. In *Peters v. West, 692 F.3d 629, 633 (7th Cir. 2012),* the Seventh Circuit wrote, the tort "of infringement simply requires the plaintiff to show that the defendant had an actual opportunity to copy the original . . . , and that the two works share enough unique features to give rise to a breach of the duty not to copy another's work."

## COUNT I

## COPYRIGHT INFRINGEMENT - STORY RIGHTS

## (17 U.S.C. §§101, *ET SEQ.)*

### (By Plaintiff Against Defendants)

54. Plaintiff incorporates herein by this reference that each and every averment contained in paragraphs 1 through 52 above, inclusive, are realleged as if fully set forth herein, and it is further alleged:

55. The DVD artwork[242526] for the movie advertises that the MOVIE is "based on the story "Children of the Corn" by Stephen King." However, Plaintiff owns the exclusive rights to make movies based on the Short Story. Thus, Plaintiff files this complaint.

56. In Exhibits 2-15, described herein above and attached herein below, Defendants, each and every one, advertise that the MOVIE is "based on the story "Children of the Corn" by Stephen King." Clearly, intentionally and unambiguously infringing upon Plaintiff's rights.

57. Defendants' infringing acts include, but are not limited to, unlawfully creating derivative works, recording, manufacturing, synchronizing, producing, copying, selling, distributing, licensing, marketing and/or distributing the MOVIE. By intentionally exploiting the MOVIE without the express permission from Plaintiff, Defendants actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright. Plaintiff has suffered and will continue to suffer damages in an amount not yet fully determined.

58. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of the underlying works with respect to the matter at hand. At all relevant times,

---

[24] Exhibit 22 - DVD artwork for the MOVIE.

[25] Exhibit 23 - DVD artwork for the MOVIE.

[26] Exhibit 24 - DVD artwork for the MOVIE.

Plaintiff has been and still is the sole proprietor of the pertinent exclusive rights, title, and interest in and to the copyrights in their respective works as referenced herein infringed by Defendants, as alleged herein, including but not limited to the underlying rights upon which the copyrighted MOVIE is based, including derivative works. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and to prepare derivative works. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

59. Plaintiff has not heretofore authorized anyone to make movies based on Plaintiffs copyrights in the Short Story *vis a vis* based on the Original Picture. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the MOVIE, which is based upon Plaintiff's Copyrighted Material, to the public. Through their conduct averred herein, Defendants have infringed Plaintiff's copyright with respect to "Children of the Corn," U.S. Copyright Reg. B204066 (1982) in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501. Each Defendant, without the permission or consent of Plaintiff, has and continues to reproduce and distribute to the public, including by making available for distribution to others, the MOVIE. Thus, the infringement is continuing as the MOVIE continues to be sold and licensed by Defendants for use in various configurations to this very day. The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff. Each Defendant's conduct has violated Plaintiff's exclusive rights of reproduction and distribution as owner of the copyrights including without limitation Plaintiff's rights under 17 U.S.C. § 106. Defendants' infringements amount to the unlawful appropriation of the Plaintiff's Copyrighted Material.

60. Upon information and belief, Defendants have exploited the MOVIE in

this District, in the State of Florida, throughout the United States and throughout the world by reproducing, preparing derivative works, distributing, licensing, and otherwise exploiting the MOVIE: (i) on DVD (ii) by licensing the MOVIE to others for sale or license as conditional and permanent downloads; (iii) by licensing for streaming on the internet; (iv) by synchronizing with video; (v) by broadcasting audio-visual works containing the MOVIE on the internet; and (vi) by licensing the MOVIE to third parties for the foregoing purposes.

61. Plaintiff is informed and believes that Defendants' acts of infringement are wilful, intentional and purposeful, in utter disregard of and with indifference to the rights of Plaintiff. Defendants knew or should have known that the MOVIE could not be distributed without a license therefor, as is customary in the industry, yet never sought a license or other permission or a copy of the requisite license as one of the so-called "delivery items" that each Defendant customarily requires. Defendants have no license or any other form of permission to distribute a movie based on the Short Story *vis a vis* the Original Picture.

62. As a direct and proximate result of of the foregoing acts and Defendants' infringing conduct, Defendants will continue to be unjustly enriched, and Plaintiff has sustained and will continue to incur substantial, immediate, and significant damages and irreparable injury. Defendants' unauthorized exploitation of the MOVIE is in derogation of, and injurious to, Plaintiff's rights as owner of the copyrights in and to the pertinent rights with respect to CotC, all to Plaintiffs' substantial damage; and Defendants' damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury.

63. Plaintiff has no adequate remedy at law.

64. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained

by this Court, Defendants will continue to infringe Plaintiff's rights with respect to "Children of the Corn," U.S. Copyright Reg. B204066 (1982). Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the MOVIE and/or other material made in violation of Plaintiffs' exclusive rights.

65. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

66. On information and belief, Plaintiff alleges that, as a direct and proximate result of each Defendant's wrongful conduct and infringement of Plaintiff's exclusive rights under copyright, Defendants have realised and continue to realize profits and other benefits rightfully belonging to Plaintiffs. Accordingly, Plaintiff is further entitled to relief pursuant to 17 U.S.C. §504 and Plaintiffs seeks an award of damages and to his attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law. Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiffs. Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities as practical partners. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits. By reason of the copyright infringement described above, Plaintiff is entitled to recover Defendants' profits to the extent the same are not included as part of Plaintiff's damages. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

67. On information and belief, Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages allowable pursuant to 17 U.S.C. § 504(c) or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT II

## COPYRIGHT INFRINGEMENT - CHARACTER RIGHTS

## (17 U.S.C. §§101, *ET SEQ.*)

## (By Plaintiff Against Defendants)

68. Plaintiff incorporates herein by this reference that each and every averment contained in paragraphs 1 through 66 above, inclusive, are realleged as if fully set forth herein, and it is further alleged:

69. On information and belief, the copyrightable character Ruth is the central character and plays an important role in the plot of the MOVIE. There is substantial similarity between the copyrightable character Ruth in the Short Story and the character Ruth in the MOVIE.

A. The MOVIE features pregnant Ruth from Gatlin, Nebraska who left around 13 years ago and subsequently had her son.  Pregnant Ruth is character from the Short Story NOT the Original Picture.

B. In the Short Story, Ruth is identified  by name, written in the Bible, as a renaming of her character, "Sondra." In the MOVIE, there is a scene that explains Ruth's birth name was "Sondra."

C. In the Short Story, Ruth wants to burn down the cornfield and

runaway. The MOVIE opens with Ruth burning down the cornfield then running away.

D. There is a scene in the MOVIE where Ruth admits that she's from the Gatlin, NE where the massacre happened.  Gatlin, NE is a fictional place, originated in the Short Story.

70. Ruth is prominently featured in the marketing and promotional materials for the MOVIE as demonstrated by the DVD artwork[27] that Defendants are using to advertise the MOVIE.

71. Defendants' infringing acts include, but are not limited to, unlawfully creating derivative works, recording, manufacturing, synchronizing, producing, copying, selling, distributing, licensing, marketing and/or distributing the MOVIE. By intentionally exploiting the MOVIE without the express permission from Plaintiff, Defendants actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright. Plaintiff has suffered and will continue to suffer damages in an amount not yet fully determined.

72. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of the character with respect to the matter at hand. At all relevant times, Plaintiff has been and still is the sole proprietor of the pertinent exclusive rights, title, and interest in and to the copyrights in their respective works as referenced herein infringed by Defendants, as alleged herein, including but not limited to the character rights upon which the copyrighted MOVIE is based, including derivative works. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and to prepare derivative works. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the

---

[27] Exhibits 22-24 - DVD artwork for the MOVIE.

Copyright Act (17 U.S.C. §101 *et seq.*).

73. Plaintiff has not heretofore authorized anyone to make movies based on Plaintiffs copyrights in the character. Defendants, without the permission or consent of Plaintiff, have reproduced and distributed the MOVIE, which is based upon Plaintiff's Copyrighted Material, to the public. Through their conduct averred herein, Defendants have infringed Plaintiff's copyright with respect to "Children of the Corn," U.S. Copyright Reg. B204066 (1982) in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501. Each Defendant, without the permission or consent of Plaintiff, has and continues to reproduce and distribute to the public, including by making available for distribution to others, the MOVIE. Thus, the infringement is continuing as the MOVIE continues to be sold and licensed by Defendants for use in various configurations to this very day. The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff. Each Defendant's conduct has violated Plaintiff's exclusive rights of reproduction and distribution as owner of the copyrights including without limitation Plaintiff's rights under 17 U.S.C. § 106. Defendants' infringements amount to the unlawful appropriation of the Plaintiff's Copyrighted Material.

74. Upon information and belief, Defendants have exploited the MOVIE in this District, in the State of Florida, throughout the United States and throughout the world by reproducing, preparing derivative works, distributing, licensing, and otherwise exploiting the MOVIE: (i) on DVD (ii) by licensing the MOVIE to others for sale or license as conditional and permanent downloads; (iii) by licensing for streaming on the internet; (iv) by synchronizing with video; (v) by broadcasting audio-visual works containing the MOVIE on the internet; and (vi) by licensing the MOVIE to third parties for the foregoing purposes.

75. Plaintiff is informed and believes that Defendants' acts of infringement are willful, intentional and purposeful, in utter disregard of and with indifference to the rights of Plaintiff. Defendants knew or should have known that the MOVIE could not be distributed without a character use license therefor, as is customary in the industry, yet never sought a license or other permission or a copy of the requisite license as one of the so-called "delivery items" that each Defendant customarily requires. Defendants have no license or any other form of permission to distribute a movie based on the character, pregnant "Ruth," from the Short Story.

76. As a direct and proximate result of of the foregoing acts and Defendants' infringing character use conduct, Defendants will continue to be unjustly enriched, and Plaintiff has sustained and will continue to incur substantial, immediate, and significant damages and irreparable injury. Defendants' unauthorized exploitation of the MOVIE is in derogation of, and injurious to, Plaintiff's rights as owner of the copyrights in and to the pertinent rights with respect to CotC, all to Plaintiffs' substantial damage; and Defendants' damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury.

77. Plaintiff has no adequate remedy at law.

78. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights with respect to his CotC character rights, which are protected under copyright. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the

MOVIE and/or other material made in violation of Plaintiffs' exclusive rights.

79. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

80. On information and belief, Plaintiff alleges that, as a direct and proximate result of each Defendant's wrongful conduct and infringement of Plaintiff's exclusive character use rights under copyright, Defendants have realised and continue to realize profits and other benefits rightfully belonging to Plaintiffs. Accordingly, Plaintiff is further entitled to relief pursuant to 17 U.S.C. §504 and Plaintiffs seeks an award of damages and to his attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law. Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiffs. Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities as practical partners. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits. By reason of the copyright infringement described above, Plaintiff is entitled to recover Defendants' profits to the extent the same are not included as part of Plaintiff's damages. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' wilful copyright infringement, plus attorneys' fees.

81. On information and belief, Defendants have wilfully engaged in, and are wilfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. As a result of Defendants' wilful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages allowable

pursuant to 17 U.S.C. § 504(c) or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

### (By Plaintiff Against Defendants)

82. Plaintiff incorporates herein by this reference that each and every averment contained in paragraphs 1 through 83 above, inclusive, are realleged as if fully set forth herein, and it is further alleged:

83. To state a claim for vicarious infringement, Plaintiff has to allege that Defendants: (1) possessed "the right and ability to supervise the infringing activity," *Shapiro, Bernstein & Co. v. H.L. Green Co.* and (2) had "a direct financial interest in such activities." The district court found that CSI had been willfully blind to the violations occurring at its markets and that this was sufficient to find a violation of the Lanham Act. *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992) (quoting *Gershwin Publ'g Corp v. Columbia Artists Mgmt, Inc.,* 443 F.2d 1159, 1162 (2d Cir. 1971)).

84. In copyright cases, a party can be held vicariously liable for infringement if it has the right and ability to supervise the infringing activity (coupled with a direct financial interest in the infringement). Vicarious infringement is a form of secondary liability for direct infringement based on the common law principle of respondeat superior. For decades, courts have recognized that those who assist and facilitate copyright infringement are liable just as those who actually commit the acts of infringement. For example, in 1929 the Seventh Circuit Court of Appeals in *Dreamland Ballroom, Inc. v. Shapiro, Bernstein & Co.* held that a dance hall that hired an orchestra to provide music to

its patrons was liable for the unauthorized public performance of musical works committed by that orchestra. That case is an example of "vicarious liability," which the landmark case of *Shapiro, Bernstein & Co. v. H.L. Green Co.* explained this way: "When the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials … the purposes of copyright law may be best effectuated by the imposition of liability upon the beneficiary of that exploitation."

85. Vicarious liability is essentially a form of strict liability. Plaintiffs who plead vicarious liability are not required to prove knowledge on the part of the Defendants regarding the infringing acts.. Thus, it is not necessary for the alleged infringer to have intent or knowledge of the infringement. According to the U.S. Supreme Court, the "absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity."

86. Plaintiff has no adequate remedy at law.

87. In *Tiffany (NJ), Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463 (S.D.N.Y. 2008), the district court applied *Inwood* and *Lockheed Martin* in determining vicarious infringement. The court held that, because eBay provides a service rather than a product, it would "look not only to whether eBay provided the necessary marketplace for the counterfeiting (which it clearly did), but further, to whether eBay had direct control over the means of infringement." The district court held that "eBay exercises sufficient control and monitoring over its website such that it fits squarely within the *Fonovisa* and *Hard Rock* line of cases." The court held that eBay retains significant control over the transactions conducted through eBay, eBay has actively promoted the sale of Tiffany jewelry items, eBay profits from the listing of items and successful completion of sales, through insertion fees and final value fees, eBay maintains significant control over the listings on its website, and eBay maintains a classified ad service separate and apart from the

eBay listings that are at issue in this action.

88.  Unlike contributory infringement, vicarious liability can be imposed even in the absence of any intent or knowledge on part of the defendant. In *A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (2001)*, the Court of Appeals for the Ninth Circuit observed: "In the context of copyright law, vicarious liability extends beyond an employer/employee relationship to cases in which a defendant "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."

89. In 1927, the Eastern District of Tennessee recognized the applicability of secondary liability to copyright infringement law suits through the doctrine of respondeat superior. In *M. Witmark & Sons v. Calloway,* 22 F.2d 412 (E.D. Tenn. 1927), the court held the owners and operators of a movie theatre in Lenoir City, Tennessee liable for copyright infringement resulting from their employee playing a borrowed player piano roll during a showing of a motion picture. The court rejected the defendants' contention that they could not be held liable for copyright infringement because they did not intend for any infringement to occur, stating that "the lack of intention does not affect the fact of liability. The result, and not the intention, determines the question of infringement." The court further held that the employer is liable for any wrongful acts committed by his employee in the course of his employment and that such was applicable despite an order from the employer to the employee to the contrary.

90. The legal control standard extends liability to anyone who possessed the ability to police the infringing conduct. In *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F. 2d 1159, 1163 (2d Cir. 1971) the defendant concert organizer was held vicariously liable for copyright infringement because it was "in a position to police the infringing conduct of its artists".

## COUNT IV

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 106 AND 501)

### (By Plaintiff Against Defendants)

91. Plaintiff incorporates herein by this reference that each and every averment contained in paragraphs 1 through 92 above, inclusive, are realleged as if fully set forth herein, and it is further alleged:

92. Defendants' conduct, as alleged in this Complaint, constitutes contributory infringement of Plaintiff's copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

93. Liability for contributory infringement is defined by 35 U.S.C. § 271(c):  "Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

94. At common law, contributory infringement attaches when the accused secondary infringer knows or has reason to know of the direct infringement and materially contributes or intentionally induces the direct infringement. Defendants directly encouraged, facilitated, and/or induced the unauthorized reproduction, adaptation, and distribution of the MOVIE; thus, Defendants are contributorily liable for Plaintiff's damages resulting from same.  Defendants infringe at least two of Plaintiff's exclusive rights: the rights of reproduction, § 106(1); and distribution, § 106(3).

95. As the Second Circuit Court of Appeals has explained, contributory infringement occurs where "[o]ne who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another."

Safe harbor has been limited in cases in which the secondary infringer distributes a product with the object of promoting its use to infringe copyrights. *See MGM Studios, Inc. v. Grokster*, 125 S. Ct. 2764 (2005). In delivering its decision, the Court adopted the rule of inducement from patent law. The rule of inducement places liability upon "one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, [making that person] liable for the resulting acts of infringement by third parties." The Court further stated that this rule required the secondary infringer to engage in purposeful and blameworthy conduct. *Grokster* and *StreamCast* intentionally injected themselves into a market whose participants were infamous for engaging in copyright infringement, yet they purposely failed to develop mechanisms for preventing infringing conduct. In addition, the Court found that the high volume of advertisements directly correlated to acts of direct infringement, indicating an intent to promote such uses by both Grokster and StreamCast.

96. In the 1976 Act, Congress recognized secondary liability in the grant of rights under copyright, providing authors and copyright owners with the "exclusive right to do and to authorize" the enumerated rights. As the legislative history to the Act explains, "[u]se of the phrase 'to authorize' is intended to avoid any questions as to the liability of contributory infringers."

97. Enforcement against the "middlemen" who encourage, facilitate and benefit from infringement has long served an important role in providing meaningful and efficient copyright protection. As another court explained, in finding a supplier of "time-loaded" cassettes liable for infringement facilitated by those cassettes: "Regrettably, in copyright litigation, enforcement efforts seem ineffective. Misappropriation may often needlessly succeed. Thus, liability for contributory infringement is particularly appropriate here. Given the apparent division of labor in the counterfeit recording industry, the actions of contributory

infringers make possible the wide dissemination of the infringing works." *A&M Records, Inc. v. General Audio Video Cassettes, Inc.*, 948 F. Supp. 1449, 1455 n.4 (C.D. Cal. 1996).

98. Where "a computer system operator learns of specific infringing material available on his system and fails to purge such material from the system, the operator knows of and contributes to direct infringement." *Perfect 10 v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007)

99. *In Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.,* an unpublished case in the San Jose Division of the United States District Court for the Northern District of California. On August 28, 2009, after a jury trial on the merits, the jury returned a verdict in favor of the Louis Vuitton. The jury found that the defendants engaged in contributory trademark and copyright infringement as well as direct trademark and copyright infringement. The jury found that the defendants knew or should have known that its customers were infringing Louis Vuitton's trademarks and copyrights and that the defendants had reasonable means to withdraw its services so that its services could not be used to infringe. The jury awarded $31 Million in damages on the trademark and copyright claims.

100. Plaintiff has no adequate remedy at law.

101. Plaintiff is entitled to recover from Defendants, jointly and severally, the damages Plaintiff has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of the Defendants' contributory infringements alleged in this Complaint, or in the alternative, statutory damages, as well as attorneys fees, and including but not limited to such damages and awards as are available under 17 U.S.C. §§504-505.

102. To satisfy the material contribution requirement, Defendants merely have to have been in the position to take simple steps to prevent subsequent infringement but failed to do so. *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1172 (9th Cir. 2007) (citing Religious Tech. Ctr. v. Netcom On-Line

Commc'n Servs., Inc., 907 F. Supp. 1361, 1375 (N.D. Cal. 1995)). Defendants conceivably could have taken a simple step, such as getting a legal opinion letter from Leopold, Petrich & Smith, as Plaintiff did.[28] However, without evidence of such actions, Defendants face liability for contributory infringement.

## II. Prayer for Relief

WHEREFORE, Plaintiff prays for judgment and relief from this Court against Defendants, and each of them, jointly and in Plaintiff's favor as follows:

1. For Judgment in favour of Plaintiff against Defendants, jointly and severally, declaring that: a) Defendants' unauthorized conduct violates Plaintiffs' rights under common law and the Federal Copyright Act;  b) Defendants wilfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and c) Defendants have otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

2. For entry of preliminary injunctions during the pendency of this action and immediate and permanent injunctions thereafter against Defendants, jointly and severally, their respective officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, licensees and assigns, and all others acting in concert, participation, or privity with each or any of them providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights without consent or otherwise infringing Plaintiff's copyrights in the CotC copyrights or other rights in any manner, under federal or state law by reproducing, distributing, copying and republishing the MOVIE which is based on Plaintiff's copyrighted material, except pursuant to a lawful license specifically granting the express authority of Plaintiff, specifically including without limitation distributing the MOVIE;

---

[28] See Exhibit 21, Opinion Letter from Leopold, Petrich & Smith.

3. For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of the MOVIE which are in Defendants' possession or under their control and that each Defendant, jointly and severally, also shall both recall and destroy all copies of the MOVIE;

4. For Judgment in favour of Plaintiff against Defendants, jointly and severally, ordering Defendants to account to Plaintiffs for all revenue received by the Defendants as a result of their unlawful conduct and unjust enrichment realised from its infringement, including but not limited to all gains, profits, and advantages derived by or otherwise attributable to Defendants by their infringements of Plaintiff's rights with respect to "Children of the Corn," U.S. Copyright Reg. B204066 (1982) or such damages as are proper, and since Defendants intentionally infringed Plaintiff's copyrights, for the maximum allowable statutory damages for each violation, and the imposition of constructive trust with respect to;

5. For Judgment in favour of Plaintiff against Defendants, jointly and severally, awarding Plaintiff actual and/or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, for Defendants' copyright infringement in an amount to be determined at trial;

6. For Judgment in favour of Plaintiff against Defendants, jointly and severally, awarding Plaintiff his full costs, reasonable attorneys' fees, costs and disbursements, litigation expenses (including fees and costs of expert witnesses), and other costs of this action in bringing and maintaining this action, pursuant to 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.* (1994) 510, U.S. 517;

7. For Judgment in favor of Plaintiff against Defendants, jointly and severally, awarding Plaintiff prejudgment interest and post-judgment interest on any monetary award in this action in the maximum amount permitted by law;

8. For Judgment in favor of Plaintiff against Defendants, jointly and severally, to pay Plaintiff maximum statutory damages for each infringement of

the Copyrighted Material pursuant to 17 U.S.C. Section 504(c) or to pay

Plaintiff's actual damages and profits attributable to the infringement pursuant to

17 U.S.C. Section 504(b) and such further damages in such amount as may be

found, or as otherwise permitted by applicable law; and

     9. For Judgment in favour of Plaintiff against Defendants, jointly and

severally, awarding Plaintiffs monetary damages sufficient to compensate

Plaintiff for the injuries suffered as a result of Defendant's wrongful conduct and

such other and further declaratory and injunctive relief as as the Court may deem

just and proper under the circumstances of this case.

DATED: December 19, 2018                    By: _____

                                    Plaintiff, Donald P. Borchers

                                    250 Jacaranda Drive, #801
                                    Plantation, FL  33324
                                    Telephone: 310.490.1056
                                    Email:  DPBorchers@gmail.com

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues for which there is a right to

jury trial.

Date: December 19, 2018                    By: _____

                                    Plaintiff, Donald P. Borchers

                                    250 Jacaranda Drive, #801
                                    Plantation, FL  33324
                                    Telephone: 310.490.1056
                                    Email:  DPBorchers@gmail.com