UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-61537-DIMITROULEAS/HUNT

DONALD P. BORCHERS,

    Plaintiff,

v.

AMAZON.COM, INC., et al.,

    Defendants.
    _____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Lantern Entertainment LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim for Which Relief can be Granted, and Insufficient Service of Process (the "Motion") [DE 181], filed herein on January 23, 2019. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

**I.    Background[1]**

Plaintiff initially filed this action on July 6, 2018. *See* [DE 1]. The operative pleading is the Third Amended Complaint ("TAC") filed herein on December 20, 2019. Plaintiff claims to own certain copyright rights that are allegedly infringed by a motion picture; specifically, he claims to own film rights related to the *Children of the Corn* franchise. Plaintiff has a competing claim to the ninth film in this long-running horror movie franchise. To establish a claim for copyright infringement, Plaintiff needs to show that he—not Lantern Entertainment ("Lantern")—actually owns the relevant exclusive copyright interest under Section 106 of the Copyright Act (17 U.S.C. §106). Plaintiff's claims against several retailers who distribute the

---

[1] Facts from the Background section are taken from the Third Amended Complaint [DE 175] unless otherwise indicated.

film, seeking to enjoin distribution of Lantern's film, is necessarily dependent on the Court's adjudication of the rights to make the film. The key dispute here is between Plaintiff and Lantern. Lantern is a necessary party to this action, and the claims against the remaining Defendants cannot be adjudicated until the claims against Defendant Lantern are resolved. Here, the Court finds there is no personal jurisdiction over Lantern, so this case is properly dismissed.

The Court notes that Plaintiff's TAC is an impermissible shotgun pleading which has been condemned by the Eleventh Circuit. *See Lumley v. City of Dade City*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shot-gun pleading, "the district court, acting on its own initiative, require a repleader").  It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sherrif's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  In addition, the TAC asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*  All types of shotgun pleadings share a unifying characteristic—they fail to provide adequate notice of the claims and the grounds upon which each claim rests. *See id.* The TAC names 19 defendants and in broad, conclusory fashion claims direct, contributory, and vicarious infringement against all of them. There are no individualized allegations against any party in the TAC. The repeated failure to comply with applicable rules of pleading is an independent reason for dismissal.

**II.  Discussion**

In the instant Motion to Dismiss, Lantern argues that the TAC is subject to dismissal for three main reasons: (1) the Court lacks personal jurisdiction over Lantern; (2) the TAC fails to state a claim upon which relief may be granted; and (3) there is insufficient service of process on

Lantern. The Court finds that there is no personal jurisdiction over Lantern, and Lantern is a necessary party to this action, so this case is dismissed.

### A. Lack of Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), "[a] court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323–24 (M.D. Fla. 2011).

Both the state long-arm statute and the Due Process Clause of the Fourteenth Amendment must be satisfied in order for a federal court to have personal jurisdiction over a nonresident defendant. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). First, the Court must determine whether the Florida long-arm statute provides a sufficient basis for personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). After deeming jurisdiction appropriate under Florida law, the Court must then ascertain whether "sufficient minimum contacts exist between the defendant[] and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id.* (internal quotation and citation omitted).

The burden is on the plaintiff to allege a *prima facie* case; the plaintiff must do so by affidavit only if the challenging defendant provides his own affidavits in support. *Posner*, 178 F.3d at 1214. To the extent not contradicted by the defendant's affidavits, the court should accept the facts alleged in the complaint as true. *Id.* In the event of a conflict, all reasonable inferences should be made in favor of the plaintiff. *See Landia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1327 (S.D. Fla. 2010).

"When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme

court." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1258 (11th Cir. 2010) (quoting *Lockard v. Equifax, Inc*., 163 F.3d 1259, 1265 (11th Cir.1998)). The Eleventh Circuit has noted that the statute should be strictly construed. *See Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank,* 701 F.2d 889, 891 (11th Cir.1983) (internal citations omitted). Florida's long-arm statute provides for two theories of jurisdiction: (1) specific jurisdiction, if the suit that arises out of or is related to a defendant's contacts with Florida in one of a number of enumerated ways, Fla. Stat. § 48.193(1)(a); or (2) general jurisdiction, if the defendant engages in "substantial and not isolated activity" in Florida, *id.* § 48.193(2). *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015).

### 1. Florida Long-Arm Statute – Specific Jurisdiction[2]

"Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Here, Plaintiff has not alleged any basis for specific jurisdiction over Lantern. Lantern does not appear to have any connection to Florida. Lantern was formed in Delaware in 2018 in order to purchase the assets of The Weinstein Company ("TWC") in Chapter 11 Bankruptcy Proceedings. Prior to its sale to Lantern, TWC produced, financed, and distributed films and television, including the film at issue in this case. Lantern is located in California. Lantern also has offices in New York and Texas. Lantern does not employ anyone outside its offices in Los Angeles, New York, and Dallas. Lantern has never had offices or agencies in Florida, nor has it had any officers, directors, employees, or agents in Florida, nor has it engaged any agent or equivalent entity or person for the purpose of transacting business in Florida. Lantern has never operated, conducted, engaged in, transacted, or carried on any

---

[2] There are no allegations to support the exercise of general jurisdiction for "substantial and not isolated activity" in Florida.

business or business venture in Florida, or, from any other location, specifically targeting consumers or businesses in Florida. Neither has Lantern ever solicited business anywhere in Florida.

Lantern has never had a mortgage or other lien on any real property located in Florida; Lantern has never entered into any agreement or other arrangement calling for the performance of any act by Lantern within Florida; Lantern has never maintained a phone number or postal address within Florida; Lantern has never maintained a bank account in Florida and does not have a registered agent for service of process in Florida; and Lantern has never participated in any administrative, judicial, or other adjudicative proceeding in Florida. Lantern maintains a website, but the website does not directly target consumers or businesses in Florida. The website is informative in nature, and no online business activity is conducted through the website.

Plaintiff does not allege a basis for personal jurisdiction over Lantern. The Court analyzes personal jurisdiction under Florida Statutes Section 48.193(1)(a)(1) for conducting business in Florida, and Florida Statutes Section 48.193(1)(a)(2) for committing a tortious act in Florida. This subsection of the Florida long-arm statute states, in relevant part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> . . .
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within the state.

Fla. Stat. §48.193(1)(a) and (2).

### a. Conducting Business in Florida

First, Plaintiff does not, and cannot, argue that Lantern conducted business in Florida sufficient to subject them to specific jurisdiction under the Florida long-arm statute. "In order to establish that a defendant is 'carrying on business' for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)). Factors to consider include: the presence and operation of an office in Florida; the possession and maintenance of a license to do business in Florida; the number of Florida clients served; and the percentage of overall revenue obtained from those clients. *Id.* For this provision to apply, there must be a direct affiliation, nexus, or substantial connection between the basis for the cause of action and the business activity. *Citicorp Ins. Brokers (Marine), Ltd. v. Charma*n, 635 So. 2d 79, 82 (Fla. 1st DCA 1994).

Plaintiff has not proffered any evidence to demonstrate that Lantern had a general course of business activity in the state for pecuniary benefit. Lantern does not operate, conduct, engage in, or carry on business in Florida. They do not have an office or agency in Florida, and there is no evidence indicating they have Florida clients or practice in Florida courts. Even taking Plaintiff's allegations as true, there is not enough for personal jurisdiction over Lantern under Fla. Stat. §48.193(1)(a), or any other provision of the applicable Florida statutes.

Lantern has not conducted a general course of business activity in the state of Florida. Lantern is not subject to personal jurisdiction under Fla. Stat. §48.193(1)(a).

Note that communications with Florida entities from outside the state is not enough to constitute "carrying on a business" in Florida. *See Horizon*, 421 F.3d at 1167 ("While Kass made

telephonic and electronic communications from its California offices into Florida, these communications cannot constitute 'conducting business' in Florida."). *Bluewater Trading LLC v. Fountaine Pajot, S.A.*, No. 07-61284-CIV-COHN, 2008 WL 2705432, at *4 (S.D. Fla. 2008), aff'd, 335 F. App'x 905 (11th Cir. 2009) (finding that one annual trip to Florida, ten weekly emails sent from outside the state, and advertising in Florida magazines does not constitute "carrying on a business" in the state sufficient to confer jurisdiction under Florida's long arm statute.).

## b. Committing a Tortious Act

Plaintiff also cannot state that Lantern committed a tortious act within the state sufficient to subject Lantern to personal jurisdiction. Under the "committing a tortious act" prong, a court may assert jurisdiction over a "nonresident defendant who commits a tort outside of the state that causes injury inside the state," meaning "[t]he defendant's physical presence is not required if the tort causes an injury in Florida." *Brennan v. Roman Catholic Diocese of Syracuse New York, Inc.*, 322 F. App'x 852, 854 (11th Cir. 2009) (internal citations omitted). However, personal jurisdiction cannot be found under this prong unless Plaintiff establishes "that the activities in Florida 'w[ere] essential to the success of the tort.'" *Williams Elec. Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389, 394 (11th Cir.1988) (quoting *Watts v. Haun*, 393 So.2d 54, 56 (Fla.Dist.Ct.App.1981)); *Kelly v. Kelly*, 911 F.Supp. 518, 522 (M.D.Fla.1995) (distinguishing *Watts* and stating "[p]laintiff fails to allege or establish any acts providing a 'substantial' part of the alleged tort occurred in Florida."). It appears that Plaintiff is trying to argue that Lantern committed a tortious act in Florida through the stores that sell the movie in this state, and through the internet. The distribution of this movie through brick-and-mortar retailers in Florida, and through the internet, does not subject Lantern to personal jurisdiction. Plaintiff has provided no

evidence that Lantern conducts business in this state or has committed a tort in this state sufficient to subject Lantern to specific personal jurisdiction.

Even taking as true the allegations in the TAC and making reasonable inferences in Plaintiff's favor, Plaintiff has not demonstrated that Lantern is subject to personal jurisdiction in Florida. Plaintiff neglected to allege facts supporting personal jurisdiction or refuting Lantern's claims about lack of minimum contacts.

Defendant Lantern provides an affidavit to support its assertions regarding lack of business or contacts in the forum. Plaintiff makes conclusory and ill-conceived statements about Lantern's "sub-licenses" doing business within this judicial district. *See* [DE 192 at p. 2]. Defendant Lantern appears to list addresses of retailers who sell the movie at issue in this case, including Wal-Mart; if it is Plaintiff's contention that these entities' existence in Florida is enough to subject Lantern to personal jurisdiction, Plaintiff is mistaken. *See* [DE 192 at pp. 2-4] (listing retailers located in South Florida and "online at every commercial and home wifi connection in the judicial district."). Due to Plaintiff's inability to allege personal jurisdiction, amendment would be futile.

2. **Constitutional Inquiry**[3]

As the Court has found that personal jurisdiction is inappropriate under the Florida long-arm statute, a lengthy due process inquiry is not necessary. The second prong of the personal jurisdiction inquiry focuses on whether "sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice.'" *Sculptchair*, 94 F.3d at 626 (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)). However, the Due Process Clause "imposes a more restrictive requirement than does Florida's Long-Arm Statute." *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 859

---

[3] The Court notes that Plaintiff failed to address Defendants' arguments related to lack of minimum contacts.

(11th Cir. 2013) (citation omitted). Consequently, a finding that jurisdiction is not available under Florida's general jurisdiction compels the conclusion that jurisdiction is not appropriate under the Due Process clause.

### B. Necessary Party

If feasible, "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be jointed as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action" and disposing of the action may "impair or impede the person's ability to protect the interest" Fed.R.Civ.P. 19(a). In other words, a person who should be joined is one who is indispensable to the litigation. Rule 19 adopts a "two-part test for determining whether a party is indispensable" to the pending litigation. *Challenge Homes, Inc. v. Greater Naples Care Ctr.*, 669 F.2d 667, 669 (11th Cir.1982). A district court must first ascertain whether the person or entity at issue is one who should be joined, if feasible. *Id.* If the person should be joined but cannot be, then the court must inquire whether the litigation may continue. *Id.* (citing Fed.R.Civ.P. 19(b)).

It is essential to this action to determine the intellectual property rights to the movie underlying this action. That dispute must be resolved between Plaintiff and Lantern. Lantern is a necessary party to this action, and since this action cannot proceed against Lantern for want of personal jurisdiction, this action is dismissed in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 181] is **GRANTED.** Defendant eBay's Motion to Dismiss [DE 131] is **DENIED as moot**. The Court will issue a separate final judgment. The Clerk is **DIRECTED** also to send via U.S. mail a copy of this Order to Plaintiff at the address listed below.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 30th day of January, 2019.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All counsel of record

Donald P. Borchers, *Pro Se*
250 Jacaranda Drive, #801
Plantation, FL 33324